Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1393 | **DATE** | 4/25/2000 |
| **CASE TITLE** | Floorcoverings Intl vs. Swan et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/4/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Court denies Defendants' motion (Doc 8-1) to dismiss for lack of subject matter jurisdiction, or in the alternative to stay this matter and order arbitration. The Court also denies Defendants' motion to dismiss certain claims for failing to meet the requirements of Rule 9(b) and 9(c). Ruling set for May 4, 2000 is stricken, however, parties are to appear May 4, 2000 at 9:30 a.m. for status.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 25 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 00 APR 25 AM 11:35 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLOORCOVERINGS INTERNATIONAL, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 1393 |
| | ) | |
| JAMES and TAMMIE SWAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to stay this action and order arbitration of this matter. In addition, Defendants' move to dismiss certain counts for failing to meet the requirements of Federal Rules of Civil Procedure 9(b) and 9(c). For the reasons set forth below, the Court denies Defendants' motions.

## BACKGROUND

Plaintiff Floorcoverings International, Ltd. ("FCI") filed a nine-count complaint against Defendants James and Tammie Swan (collectively, the "Swans"), alleging, inter alia, claims arising out of breach of contract and trademark infringement, resulting from the parties' franchise relationship.

FCI franchises a business system (the "Business System") for the sale and marketing of soft and hard flooring products and window blinds. The Business System employs unique techniques, special equipment and processes, standards and specifications, marketing methods and promotional techniques, which are all associated with the "Floor Coverings International" trademarks, trade names, and related marks (the "Marks"). On February 1, 1993, the Swans entered into a franchise agreement (the "Franchise Agreement") with FCI under which the Swans received a non-exclusive right and license to operate FCI franchises using the Business System in a designated market area using FCI Marks. Pursuant to the Franchise Agreement, the Swans were to pay FCI royalty fees, consisting of the greater of a fixed sum or a certain percentage of gross sales. The Swans also agreed to contribute to certain advertising costs. The Franchise Agreement subjects the Swans to late fees whenever the Swans are more than five days late on payments due.

Because of the Swans alleged continuing failure to make payments owing under the Franchise Agreement, FCI terminated the Franchise Agreement effective September 27, 1999. On March 8, 2000, FCI filed its nine count complaint, alleging, inter alia, breach of contract based on various violations, trademark

infringement, unfair competition, violations of the Illinois Deceptive Trade Practices Act, 815 ILCS §510/1, et seq., and fraud. On March 20, 2000, because the Swans were allegedly continuing to use FCI's Marks and trade on FCI's goodwill, FCI moved for, and this Court granted, a preliminary injunction against such use. Presently, the Swans move to dismiss FCI's complaint for lack of subject matter jurisdiction, arguing that because this dispute must submit to arbitration, the Court lacks jurisdiction. In the alternative, the Swans maintain that the Court should stay this matter and order arbitration. The Swans also argue that certain counts fail to meet the requirements of Federal Rules of Civil Procedure 9(b) and 9(c).

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996), citing Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th

Cir. 1989), cert. denied, 493 U.S. 1046, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942). With these principles in mind, the Court evaluates the Defendants' motion.

## DISCUSSION

Although national policy encourages arbitration of disputes, submission to arbitration is consensual, not coercive. See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 57, 62, 115 S.Ct. 1212, 1216, 1218, 131 L.Ed.2d 76 (1995). Thus, a court cannot force a party to arbitrate unless that party has entered into a contractual agreement to do so. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); AT&T Technologies v. Communications Workers of America, 475 U.S. 643 648 (1986). In order to determine whether the parties intended to submit to arbitration, a court reviews the contract at issue. See AT&T Technologies, 475 U.S. at 648. In so doing, a court employs the standard methods of contract interpretation, using state-law principles.

See Mastrobuono, 514 U.S. at 54; Perry v. Thomas, 482 U.S. 483, 492 (1987); First Options of Chicago, 514 U.S. at 944. Ambiguities, however, are resolved in favor of arbitration. See Mastrobuono, 514 U.S. at 62.

Although neither party addresses it, a preliminary question exists as to which state's contract law applies. The Franchise Agreement has an express choice of law provision designating Georgia law as governing the construction of the contract, except in matters subject to the provisions of the Illinois Franchise Disclosure Act. None of the claims are brought under the Illinois Franchise Disclosure Act, but Plaintiff at least seems to believe Illinois contract law governs as it cites to that body of law.

A federal court applies the choice of law rules of the forum state to determine which state's substantive law governs the case. See Serfecz v. Jewel Food Stores, Inc., No. 92 C 4171, 1997 WL 543116, at *6 (N.D. Ill. Sept. 2, 1997); Lachmund v. ADM Investor Servs., Inc., No. 96 C 4143, 1997 WL 43214, at *4, n.2 (N.D. Ill. Jan. 28, 1997). Thus, the Court applies Illinois choice of law rules. Illinois choice of law rules provide that an express choice of law contract provision will be given effect as long as it does not contravene Illinois public policy and the state chosen bears a reasonable relationship to the parties or the transaction. See Paul

Davis Systems of Northern Illinois, Inc. v. Paul W. Davis Systems, Inc., No. 98 C 2027, 1998 WL 749041, at *3 (N.D. Ill. Oct. 15, 1998), citing Potomac Leasing Co. v. Chuck's Pub, Inc., 156 Ill. App. 3d 755, 109 Ill. Dec. 90, 509 N.E.2d 751, 753-54 (Ill. App. Ct. 1987). Thus, because neither party even suggests that Georgia law would contravene Illinois public policy or that Georgia does not bear a reasonable relationship to the parties or the transaction, it would seem that the Court would apply Georgia contract law as agreed to in the parties' Franchise Agreement. Cf. Paul Davis Systems, 1998 WL 749041, at *3. In any event, the Court notes that the choice of law is not determinative, because the outcome would remain the same whether the Court applies Georgia or Illinois law.

The Swans argue that the arbitration provision in the Franchise Agreement is ambiguous and that the strong federal policy favoring arbitration requires this Court to find that this matter must be submitted to arbitration. The arbitration provision provides, in relevant part:

> Except insofar as FCI elects to enforce this Agreement by judicial process, injunction or specific performance, any controversy, dispute, question or claim arising out of or relating to this Agreement or its interpretation, performance, or non-performance, or any breach hereof, including, without limitation, any claim that this Agreement or any part thereof is invalid, illegal or otherwise voidable or void, shall be submitted to final and binding arbitration process as it relates to each individual franchisee in accordance with the Commercial Arbitration

> Rules of the American Arbitration Association, and judgment upon the
> award may be entered in the highest state, provincial, or federal court
> having jurisdiction thereof; provided, however that this provision shall
> not be construed to limit any rights which FCI may have to apply to
> any court of competent jurisdiction for injunctive or similar provisional
> relief.

The Swans argue that although it seems initially that FCI may elect whether or not to arbitrate, the last clause above, which is set off by a semi-colon and which states, "provided, however that this provision shall not be construed to limit any rights which FCI may have to apply to any court of competent jurisdiction for injunctive or similar provisional relief," operates to require arbitration of all claims except those where FCI may require immediate access to the courts for injunctive relief to address emergency situations.

A court gives contract terms their ordinary meaning. See Nalley v. Nationwide Mutual Fire Ins. Co., 221 Ga. App. 537, 538, 472 S.E.2d 82, 84 (Ga. Ct. App. 1996); Robert Half Int'l, Inc. v. Thompson, No. 98 C 1080, 1999 WL 138849, at *3 (N.D. Ill. Mar. 5, 1999), citing Gray v. Mundelein College, 695 N.E.2d 1379, 1386-87 (Ill. App. Ct. 1998). Moreover, a court interprets contracts so as to give the greatest possible effect to all provisions, rather than to leave a part of the contract unreasonable or of no effect. See Quintanilla v. Rathur, 227 Ga. App. 788, 790, 490 S.E.2d 471, 475 (Ga. Ct. App. 1997); Robert Half Int'l, Inc.,

1999 WL 138849, at *3 (citation omitted). "One of the most fundamental rules of construction is that a court should, if possible, construe a contract so as not to render any of its provisions meaningless." Altama Delta Corp. v. Howell, 225 Ga. App. 78, 79, 483 S.E.2d 127 (Ga. Ct. App. 1997); accord Shakman v. Democratic Organization of Cook County, No. 69 C 2145, 1997 WL 223054, at *4 (N.D. Ill. Apr. 30, 1997), citing Kerton v. Lutheran Church Extension Fund, 262 Ill. App. 3d 74, 199 Ill. Dec. 416, 634 N.E.2d 16, 18 (Ill. App. Ct. 1994).

With these principles in mind, the Court finds that the arbitration clause is unambiguous and allows FCI discretion to elect or not elect arbitration. A contract is ambiguous when it is subject to different, yet reasonable interpretations. See Garrett v. Women's Health Care of Gwinnett, Nos. A99A1716, A99A1717, 2000 WL 302651, at *3 (Ga. Ct. App. Mar. 24, 2000); Bock v. Computer Associates Int'l, Inc., No. 99 C 5967, 2000 WL 310288, at *6 (N.D. Ill. Mar. 24, 2000) (citation omitted). The arbitration clause above is not subject to more than one reasonable interpretation. It clearly provides an exception to binding arbitration when FCI elects to enforce the Franchise Agreement "by judicial process, injunction or specific performance." That the arbitration clause also contains a limitation stating, "provided, however that this provision shall not be construed to limit any

rights which FCI may have to apply to any court of competent jurisdiction for injunctive or similar provisional relief," should not and does not render FCI's ability to elect or not to elect arbitration meaningless. Rather, it serves as a catch-all that functions to preserve FCI's rights to injunctive relief, regardless of the manner in which FCI elects to enforce the Franchise Agreement. It would be unreasonable to read the last clause, in effect, as requiring binding arbitration as it would unnecessarily render the entire beginning portion of the arbitration clause meaningless. Moreover, although it may be redundant for the last clause to preserve FCI's right to injunctive relief in cases where FCI elects to enforce the Franchise Agreement through an injunction, it is not inconsistent. This is not a case where the scope of an arbitration clause is at issue. Instead, in this case the Franchise Agreement initially leaves the decision of whether or not to even submit to binding arbitration within FCI's discretion, and regardless of what FCI decides, the contract preserves FCI's right to injunctive relief. Because in this case FCI elected not to submit to binding arbitration, but to pursue its causes of action in this Court, the Court does not lack subject matter jurisdiction. Moreover, the Court declines to stay this matter and order arbitration in a situation where the contract does not require arbitration.

The Swans also contend that FCI's Illinois Deceptive Trade Practices claim and FCI's fraud claim are not plead with particularity and fail to meet the requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).

As an initial matter, FCI's claim under the Illinois Deceptive Trade Practices Act (the "Act") does not constitute a fraud claim that must meet the requirements of Rule 9(b). The Act prohibits many types of deceptive practices, including "caus[ing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services." 815 ILCS 510/2(2) (1993). In its claim under the Act, by incorporation, FCI alleges that "Defendants infringed upon the rights of FCI and FCI's Marks in connection with the sale of floor covering products and services and by continuing to use FCI's Marks after termination without authority" and that "Due to Defendants' infringement, customers were and are likely to be confused as to the source, sponsorship and affiliation of the products and services sold by Defendants after termination while they continue to hold themselves out to be FCI franchisees." FCI's claim under the Act is not based on fraud, and thus, it does not have to meet the requirements of Rule 9(b).

But see Mitsubishi Electric Corp. v. IMS Technology, Inc., No. 96 C 499, 1997 WL 630187 (N.D. Ill. Sept. 30, 1997) (where plaintiff sues under the Illinois Consumer Fraud and Deceptive Business Practices Act to recover for violations of the Illinois Deceptive Trade Practices Act and the claim is based on fraud rather than commercial disparagement, plaintiff must state claim with particularity). FCI's allegations are adequate to give the Swans notice of the claim as required by Rule 8(a), and thus, FCI states a proper claim under the Illinois Deceptive Trade Practices Act.

With respect to its claim for fraud, FCI complies with Rule 9(b). In order to fulfill the requirements of Rule 9(b), a plaintiff must allege the "who, what, when, and where" of the alleged fraud. See Uni*Quality, Inc. v. Infotronix, Inc., 974 F.2d 918, 923 (7th Cir. 1992). FCI has done this by stating:

> 92. Prior to termination, Defendants falsely reported Gross Sales to FCI which were substantially less than Defendants' actual Gross Sales.
> 93. In purposely underreporting their Gross Sales to FCI, Defendants made representations of past or present material fact which were false when made and which Defendants knew were false.
> 94. Defendants made these representations to FCI with the intent that FCI rely on them.
> 95. FCI did rely on Defendants' false representations, and FCI has been damages as a result of its reliance.

The Court finds that this satisfies Rule 9(b).

Finally, the Swans allege generally that Counts I, II, VI, and VII, which allege breach of contract on various different bases, are all plead without mentioning that FCI has performed all the terms in the contract as required by Rule 9(c). For breach of contract claims, a claimant must plead the performance of conditions precedent. See Redfield v. Continental Cas. Corp., 818 F.2d 596, 610 (7th Cir. 1987). Rule 9(c) provides that "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fed.R.Civ.P. 9(c). A claimant satisfies the requirements of Rule 9(c) by pleading facts from which an inference can be made that all conditions precedent were performed. See Chen v. Wang, No. 96 C 0681, 1996 WL 732517, at *4 (N.D. Ill. Dec. 17, 1996), citing Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc., 844 F. Supp. 1271, 1273 (N.D. Ill. 1994). Under the terms of the Franchise Agreement, it seems that FCI's obligations consisted of granting the Swans a non-exclusive right and license to operate a FCI franchise, granting the Swans the use of FCI's Marks, and allowing the Swans the use of the Business System. FCI's complaint states facts from which it can be inferred that FCI performed these conditions precedent. Cf. Chen, 1996 WL 732517, at *4. Thus, FCI's breach of contract claims meet the requirements of Rule 9(c).

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss for lack of subject matter jurisdiction, or in the alternative to stay this matter and order arbitration. The Court also denies Defendants' motion to dismiss certain claims for failing to meet the requirements of Rule 9(b) and 9(c).

Charles P. Kocoras
United States District Court Judge

Dated: April 25, 2000